IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK LEE,<br>　　　　　　Plaintiff, | CIVIL ACTION |
| v. | |
| BOROUGH OF DOWNINGTOWN,<br>STEPHEN SULLINS, JACK LAW,<br>　　　　　　Defendants. | NO. 12-6913 |

DuBois, J.                                                                                               April 30, 2013

# **M E M O R A N D U M**

## I.　INTRODUCTION

Plaintiff, Mark Lee, has sued his former supervisors Stephen Sullins and Jack Law, and his former employer, Borough of Downingtown, for violations allegedly resulting from his termination of employment. Lee claims that when he was fired from his job, defendants committed a: (1) violation of his First Amendment rights, (2) violation of the Pennsylvania Whistleblower Law, and (3) wrongful termination. Defendants have moved to dismiss Lee's claims. For the reasons that follow, the Court dismisses Lee's First Amendment claim asserted in Count One of the Complaint with prejudice, and dismisses the remainder of the Complaint without prejudice, for lack of subject matter jurisdiction.

## II.　BACKGROUND

Lee was the Assistant Public Works Director for the Borough of Downingtown and worked for the Borough from January 2000 until his termination on June 15, 2012. During his employment, Lee was directly supervised by defendant, Jack Law, who was the Director of Public Works for the Borough. Defendant Law was directly supervised by defendant, Stephen Sullins,

who was the Borough Manager.

The facts in this case relate to complaints Lee made to his supervisors about the Supervisor of Parks, Alexis Law.  Mrs. Law is the wife of defendant Law.  While working for the Borough, Lee was allegedly responsible for supervising Mrs. Law.

Lee states that he repeatedly complained to defendants Law and Sullins about the job performance of Mrs. Law, including her failure to arrive at work on a timely basis, exercising during work time, not signing in to work, using her computer for personal matters, making personal phone calls, and, in general, not performing her job duties in a diligent manner and misappropriating Borough resources.  According to Lee, defendants took no action to address these complaints.  Instead, Lee alleges that when he eventually refused to sign Mrs. Law's time cards, he had a heated argument with defendants, whereupon he was terminated by defendant Sullins.  It is Lee's position that his termination constituted a violation of his First Amendment rights and certain state law protections.  Defendants move to dismiss each of Lee's claims.

**III.   DISCUSSION**

    A.  <u>First Amendment Claim</u>

Defendants argue that no First Amendment violation may be alleged in this case as Lee was speaking solely as a government employee when he made the complaints at issue.  Lee counters that was speaking both as a supervisor and as a citizen about Mrs. Law's work conduct.

In evaluating government employees' First Amendment retaliation claims, courts engage in a three-step analysis.  First, the employee must show that he engaged in protected activity.  Second, the employee must prove that this protected activity was a substantial factor in the alleged retaliatory action by the employer.  Third, the employer may defeat the employee's claim by

2

demonstrating that the same adverse action would have taken place in the absence of the protected conduct. Hill v. Scranton, 411 F.3d 118, 125 (3d Cir. 2005).

With respect to the first step, the determination whether an employee's speech is protected is itself subject to a three-prong analysis: "A public employee's statement is protected activity when (1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have 'an adequate justification for treating the employee differently from any other member of the general public' as a result of the statement he made." Hill v. Borough of Kutztown, 455 F.3d 225, 241–42 (3d Cir. 2006) (quoting Garcetti v. Ceballos, 547 U.S. 410, 421 (2006)).

The key issue in this case is whether plaintiff can satisfy the first prong of the protected-activity analysis: whether plaintiff spoke as a citizen. "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Garcetti, 547 U.S. at 421. "[A] claimant's speech might be considered part of his official duties if it relates to 'special knowledge' or 'experience' acquired through his job." Id. (quoting Foraker v. Chaffinch, 501 F.3d 231, 240 (3d Cir. 2007) abrogated on other grounds by Borough of Duryea, Pa. v. Guarnieri, 131 S. Ct. 2488 (2011)). Further, a public employee does not speak as a private citizen where "[i]t was through his position" that he was able to make the speech at issue. Gorum v. Sessoms, 561 F.3d 179, 186 (3d Cir. 2009).

The Court concludes that Lee did not speak as a citizen regarding Mrs. Law, and rather made such statements pursuant to his official duties. First, Lee was "on the job" when he made the speech at issue. See, e.g., Garcetti, 547 U.S. at 421. The speech occurred when he

3

complained to his supervisors, at work, during work hours.

Second, Lee's purpose in complaining to defendants was related to his official duties. See Morris v. Phila. Hous. Auth., 487 F. App'x 37, 39 (3d Cir. 2012) ("We have consistently held that complaints up the chain of command about issues related to an employee's workplace duties—for example, possible safety issues or misconduct by other employees—are within an employee's official duties."). Lee acknowledges that his complaints concerned the conduct of Mrs. Law "in exercising during work time, spending too much time in the shack where the exercise equipment was located, not timely coming in and signing in at work, using her computer for personal matter, making personal calls and not going out and performing her job and duties in a diligent or timely manner." (Compl. ¶ 18.) All of these specific complaints fall under Lee's admitted job duties and responsibilities of supervising Mrs. Law in the workplace.

Finally, Lee's speech arose from knowledge and experience he gained through his employment. See Gorum, 561 F.3d at 185 ("[C]laimant's speech might be considered part of his official duties if it relates to special knowledge or experience acquired through his job.") (internal quotations omitted). Lee was therefore not speaking as a citizen because he would not have been in a position to make such speech if not for his job and responsibility of supervising Mrs. Law.

Lee did not speak as a citizen regarding Mrs. Law, and as such cannot state a First Amendment claim upon which relief may be granted. See also Morris, 487 F. App'x at 40 (3d Cir. 2012) ("The Supreme Court has decided . . . that we should not constitutionalize management disputes between the government and its employees.") Under the circumstances presented, the Court concludes that amendment of the Complaint would be futile, and thus leave to amend will not be granted.

B.  State Law Claims

The only claims remaining in the case fall under state law. Under 28 U.S.C. § 1367, a district court may decline to exercise its supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C.A. § 1367(c)(3). "[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendant state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995).

In this case, the Court has not conducted a preliminary pretrial conference, and there is no scheduling order in place. Thus, consideration of judicial economy, convenience, and fairness do not provide a sufficient justification for exercising supplemental jurisdiction.

## IV.  CONCLUSION

For the foregoing reasons, the Court grants that part of defendants' Motion seeking dismissal of Lee's First Amendment claim asserted in Count One of the Complaint with prejudice. The only federal question in the case having been dismissed, the Court dismisses without prejudice the remainder of plaintiff's case for lack of subject matter jurisdiction. That part of defendants' Motion which seeks dismissal of plaintiff's state law claims on the merits is denied as moot. An appropriate order follows.